**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| FRANCES LANDERS and<br>KENNETH D. LANDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL INC., a subsidiary of C.R. BARD, INC., and HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:08-0059<br>(Kanawha County Civil Action No. 07-C-2723) |

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants C.R. Bard, Inc. (hereinafter "Bard") and Davol Inc. (hereinafter "Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Circuit Court in and for Kanawha County, West Virginia, to this Court. In support of removal, Bard and Davol state as follows:

**I.**

**INTRODUCTION**

1. This case is but one of a number of similar product liability actions in which patients who received the Composix® Kugel® Hernia Patch in conjunction with their hernia repair surgeries claim to have suffered injuries resulting from defects in that FDA-approved medical device. In fact, in 2006 two plaintiffs who also allege that they sustained injuries resulting from their receipt and use of the Composix® Kugel® Hernia Patch filed a motion before the Judicial Panel

on Multidistrict Litigation ("JPML") seeking transfer and centralization of all cases involving this medical device pursuant to 28 U.S.C. § 1407. On May 31, 2007, the JPML heard that motion, and on June 22, 2007, the JPML granted the motion for transfer and consolidation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371 (J.P.M.L. 2007). As a result, all federal court cases concerning the Composix® Kugel® Patch have been or imminently will be transferred to the District of Rhode Island for consolidated pretrial proceedings. With Defendants' removal, the present action can and should become part of those MDL proceedings.

**II.**

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

2. Plaintiffs commenced this action with their Complaint filed in the Circuit Court in and for Kanawha County, West Virginia, on or about December 21, 2007. Bard and Davol were served with the Complaint on December 26, 2007. Neither Bard nor Davol have answered the Complaint.

3. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Bard and Davol (including Plaintiffs' Complaint) is attached (Ex. A). In addition, as required by Local Rule 3.4, a copy of the state court docket sheet is attached (Ex. B).

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the District Court in and for Kanawha County, West Virginia, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 129(b).

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after the first receipt by Bard and Davol, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

6. Pursuant to 28 U.S.C. § 1446(d), Bard and Davol are filing a written notice of this removal with the clerk of the District Court in and for Kanawha County, West Virginia, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## III.

## THIS COURT HAS DIVERSITY JURISDICTION

7. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Bard and Davol, the only properly joined defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.

### The Amount-In-Controversy Requirement Is Satisfied

8. Plaintiffs claim damages that "exceed $250,000.00" in addition to unspecified future damages. (Compl. at ¶ 2.) Thus, more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met.

### B.

### The Parties Properly Joined In This Action Are Completely Diverse

9. Plaintiffs are residents and citizens of West Virginia. (*See* Summons for *Landers v. Bali*, No. 07-c-1172 (W. Va. Cir Ct., filed June 14, 2007) (Ex. C).)

10. Bard is, and has been at all relevant times, a corporation organized under the laws of the State of New Jersey with its principal place of business also in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

**C.**

**The Remaining Defendants Are Fraudulently Joined, And Their Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis**

12. Assuming Defendant Herbert J. Thomas Memorial Hospital Association ("Thomas Memorial Hospital") is a citizen of West Virginia as alleged, its presence in this case does not destroy this Court's diversity jurisdiction because it is "fraudulently joined" as a putative defendant. The fraudulent joinder doctrine prevents a plaintiff from defeating federal diversity jurisdiction merely by naming nominal, non-diverse defendants. In determining whether a non-diverse defendant has been fraudulently joined, this Court must determine whether the facts and allegations stated in Plaintiff's Complaint provide a basis for recovery against the non-diverse defendant. *See also Evans v. CDX Servs., LLC*, --- F. Supp. 2d ---, 2007 WL 30312 at *2 (S.D. W. Va. 2007) (noting that fraudulent joinder analysis involves determination of whether facts alleged by plaintiff establish cause of action against non-diverse defendant).

13. Here, the allegations set out in Plaintiffs' Complaint provide no basis for recovery against Thomas Memorial Hospital. Plaintiffs claim that Thomas Memorial Hospital was "negligent in not knowing and reporting their experience and the experience of others" with regards to the product at issue. (Compl. ¶ 1.) Assuming that Plaintiffs' allegations even state a cause of action against Thomas Memorial Hospital (*see* ¶¶ 15-16, *infra*), Plaintiffs have failed to comply with

the mandatory prefiling requirements for lawsuits involving health care providers and facilities, such as Thomas Memorial Hospital. *See* W. Va. Code § 55-7B-6, *et seq.* The hospital is both a "health care provider" and a "health care facility" as those terms are defined in the West Virginia Medical Professional Liability Act ("MPLA"). *See* W. Va. Code § 55-7B-2(f), (g). The MPLA pertains to all "medical professional liability actions" that involve "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility." W. Va. Code § 55-7B-2(i). The MPLA is applicable in this action, and as such, Plaintiffs were required to file both a Notice of Claim and a Screening Certificate of Merit, without which "no person may file a professional liability action against any health care provider." *See* W. Va. Code § 55-7B-6(a)-(b). Plaintiffs have filed neither, and no exception applies to allow their suit to proceed against Thomas Memorial Hospital.[1] *See* W. Va. Code § 55-7B-6(c)-(d). Because Plaintiffs have not fulfilled the MPLA prefiling requirements, their claims against Thomas Memorial Hospital are not ripe and are thus subject to dismissal. *See* *Redden v. Purdue Pharma, L.P.*, 2003 U.S. Dist. LEXIS 27172 (S.D. W. Va. 2003) (granting defendants' motion to dismiss for plaintiffs' failure to fulfill MPLA requirements); *Stanley v. United States*, 321 F. Supp. 2d 805 (N.D. W. Va. 2004) (same); *Williams v. Fresenius Medical Care, et al.*, 2004 U.S. Dist. LEXIS 29757 (N.D. W. Va. 2004) (same).

14. Even if Plaintiffs' claims against Thomas Memorial Hospital survived their failure to comply with the MPLA's prefiling requirements, those claims fail for the independent reason that Plaintiffs' claims are barred by West Virginia's two-year statute of limitations. *See* W. Va.

---

[1] In further support of Defendants' Notice of Removal, Defendants point to and incorporate the arguments and authorities set forth in Thomas Memorial Hospital's motion to dismiss filed before the District Court in and for Kanawha County, West Virginia (Ex. D).

Code § 55-7B-4. Plaintiffs brought this lawsuit against Thomas Memorial Hospital on December 21, 2007, well more than two years after the hospital's allegedly negligent conduct – which, according to Plaintiffs' Complaint, occurred *before* Frances Landers received the Composix® Kugel® Hernia Patch during surgery on May 5, 2005. (*See* Compl. ¶ 1.) Because Plaintiffs' allegations against Thomas Memorial Hospital are plainly barred by the statute of limitations, this defendant is fraudulently joined. *See Shaffer v. Northwestern Mut. Life Ins. Co.*, 394 F.Supp.2d 814 (N.D. W. Va. 2005) (denying motion for remand and holding that fraudulent joinder existed when statute of limitations had run on non-diverse defendant).

15. Plaintiffs' claims against Thomas Memorial Hospital fail for the additional reason that their allegations simply fail to state a valid cause of action against the hospital. Indeed, Plaintiffs' Complaint alleges nothing more than the hospital was "negligent in not knowing or reporting" "their experience and the experience of others" with the hernia patch at issue. (*See* Compl. ¶ 1-2.) Plaintiffs have failed to allege that Thomas Memorial Hospital owed them a duty of care. Furthermore, Plaintiffs have failed to allege the breach of such a duty or any facts demonstrating a wrongful act or omission on the part of this defendant. Plaintiffs have likewise failed to assert how any wrongful act or omission by Thomas Memorial Hospital caused her alleged injuries. At bottom, absent factual allegations establishing some culpable conduct on the part of Thomas Memorial Hospital, West Virginia law would not permit Plaintiffs to recover against this non-diverse defendant.

16. Plaintiffs' bald allegation that Thomas Memorial Hospital was negligent (*see* Compl. ¶ 1) is insufficient to state a claim. In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court considered a plaintiff's pleading burden and held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. 1955, 1964-65 (2007); *see also id.* at 1965, n.3 ("[FED. R. CIV. P. 8(a)(2)] still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). West Virginia courts are in accord. In West Virginia, "essential material facts must appear on the face of the complaint." *Fass v. Nowsco Well Service, Ltd.*, 350 S.E.2d 562, 563 (W. Va. 1986); *see also Highmark West Virginia Inc. v. Jamie*, ---S.E.2d ---, 2007 WL 4150211, *4 (W. Va. 2007) (noting that "bald statements or a carelessly drafted pleading will not survive a Rule 12(b)(6) motion to dismiss"). Thus, Plaintiffs' claims against the instate defendant are patently insufficient under any applicable standard because the allegations simply do not "possess enough heft" to "raise [Plaintiff's] right to relief above the speculative level," nor do they "remove the case from the realm of conjecture and place it within the sphere of legitimate and rational inference." *Twombly*, 127 S. Ct. at 1965-66; *Fass*, 350 S.E.2d at 564 (affirming grant of dismissal when complaint's allegations were "mere sketchy generalizations of a conclusive nature unsupported by operative facts").

17. Because Plaintiff's allegations fail to demonstrate a viable cause of action against Thomas Memorial Hospital, this defendant has been fraudulently joined as a defendant in this action. Consequently, this Court may "'disregard, for jurisdictional purposes, the citizenship of nondiverse defendants.'"[2] *Evans v. CDX Servs., LLC*, --- F.Supp.2d ---, 2007 WL 30312, *2

[2] Because Thomas Memorial Hospital is fraudulently joined as a defendant, Bard and Davol need not obtain its consent to removal. *See*, *e.g.*, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, . . . application of th[e] requirement [that the removing defendant obtain consent of all defendants] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 109 n.2 (3d Cir. 1987) (noting

(S.D. W. Va. 2007) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)); *see also Gomes v. Michaels Stores, Inc*., No. CIV. S-06-1921, 2006 WL 3079024, at *1 (E.D. Cal. Oct. 27, 2006) (finding "bare assertion" of potential liability on the part of non-diverse defendant, "without any specific factual allegations," insufficient to defeat removal on basis of fraudulent joinder); *In re Baycol Prods. Litig.*, No. 1431, Civ. 03-4954, 2004 WL 1118642, at *2 (D. Minn. May 17, 2004 ("[W]here the Complaint contains no factual allegations specific to any of the Plaintiffs and the medical treatment they received, Plaintiffs have failed to allege a sufficient factual basis for any claims against their physicians. . . . The Court thus finds that the allegations asserted against these Defendants are conclusory at best, and do not defeat a finding of fraudulent joinder."); *In re Rezulin Prods. Liab. Litig*., No. 00cv2843, 2003 WL 43356, at *1 n.2 (S.D.N.Y. Jan. 6, 2003) (finding entirely conclusory allegation of negligence against non-diverse physician-defendant insufficient to state a claim and defeat removal on basis of fraudulent joinder); *In re Rezulin Prods. Liab. Litig*., 168 F. Supp. 2d 136, 141 (S.D.N.Y. 2001) (finding fraudulent joinder where plaintiff failed to provide factual allegations that, if proven, would provide basis for relief against non-diverse defendant); *Waters v. State Farm Mut. Auto. Ins. Co*., 158 F.R.D. 107, 109 (S.D. Tex. 1994) ("Failure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party."); *Doe v. Cloverleaf Mall*, 829 F. Supp. 866, 870 (S.D. Miss. 1993) (denying motion to remand in light of fraudulent joinder of non-diverse defendants, and noting that "[w]here the plaintiff's complaint is devoid of any factual allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated.").

---

exception to general rule of unanimity, in that fraudulently joined parties need not consent to removal); *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 663 (S.D. W. Va. 2003).

Complete diversity of citizenship exists between Plaintiffs and Bard and Davol, the only parties properly joined as defendants in this action.

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Circuit Court in and for Kanawha County, West Virginia, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: January 25, 2008

Respectfully submitted,

JACKSON KELLY PLLC

BY: /s/ Larry W. Blalock
LARRY W. BLALOCK (#366)
1144 Market St.
Wheeling, WV 26003
304/233 4000
304/233-4077

and

JOE G. HOLLINGSWORTH
KIRBY T. GRIFFIS
MICHAEL L. JUNK
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
202/ 898-5800
202/ 682-1639

ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.

**CERTIFICATE OF SERVICE**

Service of the foregoing Notice of Removal was had this 25th day of January, 2008, by mailing a true and complete copy thereof as follows:

Albert F. Good, Esq.
100 Capitol Street, Suite 905
Charleston, WV 25301
(*via first class mail*)

George A. Daugherty
Daugherty Law Offices
22 Reynolds Avenue
Elkview, WV 25071
(*via first class mail*)

Cathy S. Gatson, Clerk
Kanawha County Circuit Court
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301
(*via first class mail*)

/s/ Larry W. Blalock