**OFFICE OF THE SECRETARY OF STATE**
**STATE OF WEST VIRGINIA**

FILED
2008 JAN -8 PM 4:05

Betty Ireland
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

January 4, 2008

Civil Action: 07-C-2723

I am enclosing:

| | | | |
|---|---|---|---|
| ____ | summons | 1 | original |
| ____ | notice | ____ | affidavit |
| ____ | order | ____ | answer |
| ____ | petition | ____ | cross-claim |
| ____ | motion | ____ | counterclaim |
| ____ | interrogatories | ____ | request |
| ____ | suggestions | 1 | certified return receipt |
| ____ | subpoena duces tecum | ____ | request for production |
| ____ | summons and complaint | ____ | request for admissions |
| ____ | summons returned from post office | ____ | no return from post office |
| ____ | summons and amended complaint | ____ | notice of mechanic's lien |
| ____ | 3rd party summons and complaint | ____ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of Davol Inc..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Penney Barker

Penney Barker, Manager
Business & Licensing Division

A TRUE COPY
TESTE Cathy S. Gatson CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By CW

55

EXHIBIT
A

2. Article Number

7160 3901 9845 0895 7077

3. Service Type CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

07-C-2723
Davol Inc.
C. T. Corporation System
P.O. Box 951
Charleston, WV 25323

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) Larry Salisbury

B. Date of Delivery

C. Signature

X Larry Salisbury

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CHARLESTON WV DEC 28

PS Form 3811, January 2005 Domestic Return Receipt

A TRUE COPY
TESTE: Cathy S. Gatson CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By C Wood

# SUMMONS

FILED 2008 JAN -8 PM 1:05

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-2723

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

***SUMMONS***

DAVOL, INC.
a subsidiary of C.R. BARD, INC.
100 Sockanossett Crossroad
Cranston, RI 02920
***Notice of Process Address:***
*CT Corporation System*
*707 Virginia Street East*
*Charleston, WV 25301*

Defendant

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to erve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071** , an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

A TRUE COPY
TESTE: Cathy S. Gatson CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By CWood

Dated: 12/21/07

Cathy S. Gatson
Clerk of Court

OFFICE OF THE SECRETARY OF STATE
STATE OF WEST VIRGINIA

FILED
2008 JAN -8

Betty Ireland
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

January 4, 2008

Civil Action: 07-C-2723

I am enclosing:

| | |
|---|---|
| __ summons | 1 original |
| __ notice | __ affidavit |
| __ order | __ answer |
| __ petition | __ cross-claim |
| __ motion | __ counterclaim |
| __ interrogatories | __ request |
| __ suggestions | 1 certified return receipt |
| __ subpoena duces tecum | __ request for production |
| __ summons and complaint | __ request for admissions |
| __ summons returned from post office | __ no return from post office |
| __ summons and amended complaint | __ notice of mechanic's lien |
| __ 3rd party summons and complaint | __ suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of Herbert J. Thomas Memorial Hospital Association.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Penney Barker

Penney Barker, Manager
Business & Licensing Division

A TRUE COPY
TESTE Cathy S. Gatson CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.
By

2. Article Number

7160 3901 9845 0895 7503

3. Service Type CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

07-C-2723
Herbert J. Thomas Memorial Hospital
Association
Herbert J Thomas
4605 MacCorkle Ave. S. W.
South Charleston, WV 25309

A. Received by (Please Print Clearly): Cara Comer

B. Date of Delivery: 12-28-07

C. Signature

X Cara Comer ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes ☒ No
If YES, enter delivery address below:

PS Form 3811, January 2005 Domestic Return Receipt

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2008 ... -8 ... 1:05

CIVIL ACTION NO. 07-C-2723

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

***SUMMONS***

v.

HERBERT J. THOMAS MEMORIAL
HOSPTIAL ASSOCIATION

Defendant

WV Secretary of State

Receipt #: 706055
Station ID: M01

List Of Services

| | | |
|---|---|---|
| 50 S 5 | herbert thomas | $40.00 |
| Total: | | $40.00 |

Payment Details:

| | |
|---|---|
| jibby & good | $40.00 |
| k 11260 | |

Original Transaction Date: 12/26/2007

Thank You For Your Business!

E OF WEST VIRGINIA, you are hereby summoned and required to ...ff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV** ...counterclaim you may have, to the complaint filed against you in the ...which is herewith delivered to you. You are required to serve your ... summons upon you, exclusive of the day of service. If you fail to do ...inst you for the relief demanded in the complaint and you will be ...ion any claim you may have which must be asserted by counterclaim

Cathy S. Gatson

Clerk of Court

by CB

M01 k $40.00 12/26/2007 706055

# CIVIL CASE INFORMATION STATEMENT
# CIVIL CASES

IN THE CIRCUIT COURT KANAWHA COUNTY, WEST VIRGINIA

A TRUE COPY TESTE: [signature] CLERK CIRCUIT COURT KANAWHA COUNTY, W.VA. By [signature]

I. CASE STYLE:

| | | | | |
|---|---|---|---|---|
| Plaintiff(s) | | | | Case # 07-C-2723 |
| FRANCES LANDERS and KENNETH D. LANDERS, her husband | | | | Judge King |
| 8301 Sissonville Drive | | | | |
| Sissonville, WV 25320 | | | | |
| vs. | | Days to | | |
| Defendant(s) | | Answer | | Type of Service |
| DAVOL, INC. a subsidiary of C.R. BARD, INC. | | 30 | | Secretary of State |
| 100 Sockanossett Crossroad | | | | |
| Cranston, RI 02920 | | | | |
| ***Notice of Process Address:*** | | | | |
| *CT Corporation System* | | | | |
| *707 Virginia Street East* | | | | |
| *Charleston, WV 25301* | | | | |
| | | | | |
| | | | | |
| HERBERT J. THOMAS MEMORIAL HOSPTIAL ASSOCIATION | | 30 | | Secretary of State |
| 4605 MacCorkle Avenue, SW | | | | |
| South Charleston, WV 25309 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Original and 2 copies of complaint furnished herewith. | | | | |
| | | | | |

RCPT 1127114 [illegible].00
c/sum [illegible] to atty

| PLAINTIFF: FRANCES LANDERS and KENNETH D. LANDERS, her husband | CASE NUMBER |
|---|---|
| DEFENDANTS: DAVOL, INC. a subsidiary of C.R. BARD, INC., and HERBERT J. THOMAS MEMORIAL HOSPTIAL ASSOCIATION | |

II. TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| ☐ Asbestos | ☐ Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ■ Product Liability | ☐ Mental Health | ☐ Other |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

III. JURY DEMAND: ■ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (*MONTH/YEAR*): December 2008

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ☐ YES ☑ NO

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other:

Attorney Names: Albert F. Good, Esquire,
WV Bar No. 1421
100 Capitol Street, Suite 905
Charleston, WV 25301
(304) 343-5531

**George A. Daugherty, Esquire**
**WV Bar No. 943**
**DAUGHERTY LAW OFFICES**
**22 Reynolds Avenue**
**Elkview, WV 25071**

Representing:
■ Plaintiff ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

Dated: 12-21-07

Signature:
Albert F Good
Albert F. Good
Geo A Daugherty
George A. Daugherty

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2007 DEC 21 AM 10: 52

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

Plaintiffs,

vs. CIVIL ACTION NO: 07-C-2723 King

DAVOL, INC. a subsidiary of C.R. BARD, INC., and
HERBERT J. THOMAS MEMORIAL HOSPTIAL ASSOCIATION,

Defendants.

A TRUE COPY
TESTE: CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

## COMPLAINT

I

On or about May 5, 2005, in South Charleston, Kanawha County, West Virginia, in the Defendant Herbert J. Thomas Memorial Hospital Association's hospital the Plaintiff Frances Landers underwent a hernia operation during which a Kugel Mesh was utilized, also known as a Bard® Composix® Kugel® Mesh X-Large Patch – Expansion, hereinafter referred to as the Mesh, the Mesh being manufactured and placed on the market by Davol, Inc. a division of C.R. Bard, Inc. which Mesh was recalled by the U.S. Food and Drug Administration on December 22, 2005 and on later recall in January of 2006, due to many complaints which had been made to the Defendant Davol, Inc. concerning disastrous life and health threatening results from the usage of the Mesh and the Defendant Davol, Inc. was guilty of not timely removing the product from the market, and also was guilty of breach of express and implied warranties of fitness of the product as well as specific warranties of fitness in their advertising rendering them liable to the Plaintiffs on the theory of strict liability, and Davol, Inc. was guilty of negligently manufacturing the product and placing it on the market, all proximately causing injuries and damages as set forth below to the Plaintiff Frances Landers and her husband, and, the Defendant Herbert J. Thomas Memorial Hospital Association was concurrently negligent in not knowing and reporting their experience and the experience of others they should have known of concerning the Mesh so that earlier appropriate treatment could have been administered hopefully preventing or minimizing the severity of the injuries and damages to the Plaintiff.

II

All as a proximate result of the above set forth deviations from appropriate medical standards the Plaintiff suffered a severe infection requiring multiple operations and other related injuries and conditions all of which are permanent and lasting, all of which have caused and will continue to permanently cause in the future great physical pain and suffering and mental anguish and anxiety, all of which have required and will permanently require huge amount of expenditures for medical, hospital and doctor bills which to date exceed $250,000.00 and all of which have interfered with and permanently impaired Mrs. Lander's capacity to enjoy life and earn money in the future and she has otherwise been damaged as will more fully appear as the evidence develops.

III

All as a proximate result of the above set forth negligence the Plaintiff's husband, Kenneth, has suffered loss of consortium of and with his wife and has become obligated for the payment of medical and other expenses in substantial amounts.

WHEREFORE, Plaintiff, Frances Landers demands judgment in an amount which the jury may deem fit to adequately compensate her for her losses, and, the Plaintiff Kenneth D. Landers also demands judgment in an amount which will adequately compensate him for his losses.

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

By Counsel

Albert F. Good

Albert F. Good, Esquire, WV Bar No. 1421
100 Capitol Street, Suite 905
Charleston, WV 25301
(304) 343-5531
(304) 343-5533 Fax

Geo. A. Daugherty

George A. Daugherty, WV Bar No. 943
DAUGHERTY LAW OFFICES
22 Reynolds Avenue
Elkview, WV 25071
(304) 965-3554
(304) 965-0980 Fax

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

A TRUE COPY
TESTE: CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

2008 JAN 24 PM 1:50

**MOTION TO DISMISS ON BEHALF OF**
**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**

The defendant, Herbert J. Thomas Memorial Hospital Association ("Thomas Hospital"), moves to dismiss Plaintiffs' complaint because Plaintiffs failed to comply with the mandatory prefiling requirements of West Virginia Code § 55-7B-6 *et seq.*, and the complaint was filed beyond the two year statute of limitations in West Virginia Code 55-7B-4. As grounds for this motion, Thomas Hospital states:

1. Thomas Hospital is a licensed hospital located in South Charleston, West Virginia. As such, Thomas Hospital is both a "health care provider" and "health care facility" as defined in the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-2(f), (g) ("MPLA").

2. The complaint alleges Thomas Hospital was negligent in connection with the utilization of a mesh product used during Plaintiff Frances Landers' hernia surgery on May 5, 2005. Complaint at ¶ Count I. These allegations bring this action under the coverage of the

MPLA because it applies to all "medical professional liability actions" which are defined to include "*any liability for damages* resulting from the death or injury of a person *for any tort or breach of contract* based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code §55-7B-2(i) (emphasis added). Allegations of negligence related to medical devices, such as the surgical mesh referenced in the complaint, fall within the parameters of the MPLA. See, *Blankenship v. Ethicon 2007 WL 3034262 (Oct. 12, 2007).*

3. Since this action is governed by the MPLA, the Plaintiffs had a mandatory obligation to comply with its pre-filing requirements. West Virginia Code § 55-7B-6(a) states that "no person may file a professional liability action against any health care provider without complying with the provisions of this section." Section 55-7B-6(b) provides that the Plaintiffs must serve a Notice of Claim upon the health care provider at least thirty days prior to the filing of a medical professional liability action. Along with the Notice of Claim, the Plaintiffs must also file a Screening Certificate of Merit which must be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence, and must state: (1) the expert's familiarity with the applicable standard of care at issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. W. Va. Code §55-7B-6(b). West Virginia Code §§ 55-7B-6(c)-(d) contains exceptions to these requirements when the cause of action does not require expert testimony and when there is insufficient time to obtain a Certificate of Merit.

4. In this case, the Plaintiffs did not serve the required Notice of Claim and Certificate of Merit upon Thomas Hospital before filing suit. Accordingly, since this failure violates West Virginia Code § 55-7B-6(b), the Plaintiffs' complaint must be dismissed. *State ex rel. Miller v. Stone*, 216 W.Va. 379, 607 S.E.2d 485 (W.Va. 2004); *Redden v. Purdue Pharma, L.P.*, Civil Action No. 5:03-2222 (S.D.W. Va. 2003); *Stanley v. USA*, 321 F. Supp. 2d 805 (N.D.W. Va. 2004); *Williams v. Fresenius Medical Care, et al.*, Civil Action No. 3:03CV27 (N. Dist. W. Va. 2004).

5. The Plaintiffs' claims are barred because they were filed beyond the two year statute of limitations set forth in W. Va. Code § 55-7B-4. According to the complaint, the surgery in question was performed on May 5, 2005. The Plaintiffs' complaint against Thomas Hospital was not filed until December 21, 2007, well beyond the two year deadline. In this regard, the plaintiffs, as demonstrated by the attached complaint against Ahmad Bali, M.D., the surgeon who performed the surgery, were on notice of potential negligence and filed a claim under the Medical Professional Liability Act against Dr. Bali on June 14, 2007. Exhibit 1.

For these reasons, the Plaintiffs' complaint should be dismissed.

**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**
By Counsel

THOMAS J. HURNEY, JR. (WVSB No. 1833)
JENNIFER M. MANKINS (WVSB No. 9959)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
(304) 340-1000

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

v.

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Thomas J. Hurney, Jr., counsel for Defendant, Thomas Memorial Hospital, do hereby certify that service of the foregoing **"Motion to Dismiss and Memorandum in Support of Motion"** has been made upon counsel of record by depositing true and exact copies thereof in the United States Mail, first class, postage prepaid, at the address listed below on this 24th day of January, 2008.

George A. Daugherty, Esquire
22 Reynolds Avenue
Elkview, WV 25071

THOMAS J. HURNEY, JR. (WV SB No. 1833)

{C1302811.1}

A TRUE COPY
TESTE: CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FRANCES LANDERS and
KENNETH D. LANDERS,

Plaintiffs,

v.

CIVIL ACTION NO. 07-C-2723
JUDGE: CHARLES KING

DAVOL, INC., a subsidiary of
C.R. BARD, INC. and
HERBERT J. THOMAS
MEMORIAL HOSPITAL ASSOCIATION,
Defendants.

## MEMORANDUM IN SUPPORT OF THOMAS HOSPITAL'S MOTION TO DISMISS

### I. Introduction

Herbert J. Thomas Memorial Hospital Association ("Thomas Hospital") is a licensed hospital located in South Charleston, West Virginia. Thomas Hospital asserts the Plaintiffs' complaint should be dismissed for two reasons. First, Plaintiffs failed to serve Thomas Hospital with a Notice of Claim and Certificate of Merit before filing suit, in violation of West Virginia's Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-6. Second, Plaintiffs' medical professional liability claim is time barred by the applicable two year statute of limitations set forth in West Virginia Code 55-7B-4.

### II. Facts

The Plaintiffs' complaint is essentially a single running paragraph which alleges negligence by Thomas Hospital arising out of the use of surgical mesh manufactured by co-defendant Davol, Inc., during a procedure performed on May 5, 2005. Despite filing a complaint

under the MPLA on June 14, 2007, against Ahmad Bali, M.D., the surgeon who performed the surgery, plaintiffs did not file suit against Thomas Hospital until December 21, 2007. Prior to filing the complaint, plaintiffs did not serve a Notice of Claim and Certificate of Merit upon Thomas Hospital.

## III. Argument

### *A. This action is governed by the Medical Professional Liability Act.*

In West Virginia, actions against hospitals, physicians and other health care providers for medical professional liability are governed by the Medical Professional Liability Act (MPLA). The MPLA is a definition based statute, meaning that when the facts of an action fall within its definitions, the court must apply its provisions. *State ex rel Weirton Medical Center v. Mazzone*, 214 W. Va. 146, 587 S.E.2d 122 Syl. Pt. 3 (2002); *Daniel v. Charleston Area Medical Center, Inc.*, 209 W. Va. 203, 544 S.E.2d 905 (2001).

Under the MPLA, "medical professional liability actions" are defined to include "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2(i). The MPLA defines "health care provider" as "a person, partnership, corporation, professional limited liability company, health care facility or institution licensed by, or certified in, this state or another state, to provide health care or professional health care services, including, but not limited to, a .... hospital" W. Va. Code § 55-7B-2(g).

The allegations in the complaint fall squarely within the definition of "medical professional liability." Since the complaint makes a tort claim arising from health care services -

the treatment and related decisions arising from the surgery by Dr. Bali - it is governed by the MPLA. Accordingly, the Plaintiffs were required to comply with the MPLA's pre-suit requirements before filing suit against Thomas Hospital.

***B. The Plaintiffs failed to comply with W. Va. Code § 55-7B-6.***

W. Va. Code § 55-7B-6 sets forth the mandatory procedure plaintiffs must follow before filing a Medical Professional Liability action against a health care provider. West Virginia Code § 55-7B-6 states:

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve . . . a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

The Supreme Court of Appeals has recognized that these pre-filing duties are mandatory and that dismissal is required when plaintiffs fails to comply with them. *State ex rel. Miller v. Stone*, 216 W.Va. 379, 607 S.E.2d 485 (W.Va. 2004); *Redden v. Purdue Pharma, L.P.*, Civil Action No. 5:03-2222 (S.D.W. Va. 2003) (motion to dismiss granted when an MPLA action was stated, and notice and certificate of merit was not served); *Stanley v. USA*, 321 F. Supp. 2d 805 (N.D.W. Va. 2004) (failure to comply with § 55-7B-6, a necessary prerequisite to an MPLA suit, requires dismissal); *Williams v. Fresenius Medical Care, et al.*, Civil Action No.

3:03CV27 (N. Dist. W. Va. 2004) (dismissing Plaintiffs' medical liability action for failure to comply with the pre-complaint procedural provision of the MPLA). Specifically, claims related to the use of medical devices, such as the surgical mesh at the center of this complaint, are subject to the MPLA. *Blankenship v. Ethicon 2007 WL 3034262 (Oct. 12, 2007).* (claim against hospitals and manufacturers arising from the use of surgical sutures are governed by MPLA despite plaintiffs' attempt to plead claim as one of product liability). Here, plaintiffs did not serve a Notice of Claim and Certificate of Merit on Thomas Hospital.

The Plaintiffs are not subject to the exceptions to providing a Certificate of Merit. W.Va. Code §§ 55-7B-6(c)-(d) states:

> (c) Notwithstanding any provision of this code, if a claimant … believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care the claimant … shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.
> (d) If a claimant … has insufficient time to obtain a screening certificate of merit … the claimant shall comply with the provisions of subsection (b) of this section except that the claimant … shall furnish the health care provider with a statement of intent to provide a screening certificate of merit.

There is no allegation in the complaint suggesting either of these provisions apply, and Plaintiffs did not, and have not, served the required notice. In this regard, plaintiff Francis Landers was on notice of potential claims of negligence against her health care providers and filed a complaint against her surgeon on June 14, 2007. Plaintiffs were aware of the MPLA's pre-filing requirements, having complied with them in their suit against Dr. Bali. Plaintiffs' complaint against Dr. Bali indicates they provided Dr. Bali with a Screening Certificate of Merit

from Dr. Michael Golding prior to filing their complaint against him. Ex. 1, Bali Complaint. Plaintiffs are required under the MPLA to show that their claim against Thomas Hospital has merit, just like every other MPLA plaintiff.

***C. Plaintiffs' claims are barred by the applicable statute of limitations.***

"The basic purpose of statutes of limitations is to encourage promptness in instituting actions; to suppress stale demands or fraudulent claims; and to avoid inconvenience which may result from delay in asserting rights or claims when it is practicable to assert them." *Morgan v. Grace Hospital, Inc.*, 144 S.E.2d 156, 161 (W.Va. 1965); *Perdue v. Hess*, 484 S.E.2d 182, 186 (W.Va. 1997) ("The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time."). Under the MPLA, medical professional liability claims are governed by a two year statute of limitations, which arises as of the date of the injury. W. Va. Code § 55-7B-4(a). Here, the complaint alleges negligence in connection with a surgery on May 5, 2005. Despite filing a timely complaint under the MPLA on June 14, 2007, against Ahmad Bali, M.D. (the surgeon who performed the surgery) which specifically references the use of surgical mesh, plaintiffs did not file suit against Thomas Hospital until December 21, 2007, well beyond the two year statute of limitations. Accordingly, the complaint should be dismissed.

**III. Conclusion**

The Plaintiffs filed this medical professional liability action without complying with the mandatory provisions of W. Va. Code § 55-7B-6. The Plaintiffs' claims are also barred by the two-year statute of limitations. Accordingly, Thomas Hospital respectfully requests the Court dismiss this action.

**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**

By Counsel

THOMAS J. HURNEY, JR. (WVSB No. 1833)
JENNIFER M. MANKINS (WVSB No. 9959)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
304-340-1000

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

*SUMMONS*

v.
AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

To the above-named **Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson/cs
Clerk of Court

PENGAD 800-631-6989 EXHIBIT 1

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2007 JUN 14 AM 8:10
KANAWHA CO. CIRCUIT COURT

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

Plaintiffs,

vs. CIVIL ACTION NO: 07-C-1172 Stucky

AHMAD BALI, M.D.,

Defendant.

**COMPLAINT**

I

On or about May 5, 2005, in Kanawha County West Virginia, in the Thomas Memorial Hospital and in his office the Defendant Ahmad Bali, M.D. deviated from appropriate medical standards proximately causing the injuries and damages set forth below to the Plaintiff Frances Landers and her husband and in an effort at full disclosure the following deviations are here listed, among others which may appear as the evidence develops, from the Screening Certificate of Dr. Michael Golding:

*It is my opinion to a reasonable degree of medical certainty and probability that Dr. Ahmad Bali deviated from appropriate medical standards in the care provided to Mrs. Landers in the following regards:*

1. *Failure to provide adequate pre-operative care prior to the initial surgical procedure of 05/05/05, in a patient such as Ms. Landers with significant co-morbidities and history (family) of heart disease, diabetes as well as past medical history of hypertension,* hypercholesterolemia, *depression, history of* arrhythmia, *Transient Ischemic Attack and cancer of uterus and cervix, as well as being a smoker for 45 years which places her in a ASA Class Status IV.*
2. *Performing the incisional hernia repair with insertion of a prostheses as a "same day" procedure.*
3. *Failure to irrigate or adequately provide drainage (as per operative report of 05/05/05 procedure).*
4. *The discharge summary failed to mention "drainage" that was reported by others.*
5. *Inappropriate use of antibiotics.*

6. *Premature discharge in the presence of a wound infection in a patient with a large Gore-Tex mesh insertion.*
7. *Delay in dictation of operative note of the 05/05/05 operation until 06/27/05 and the discharge summary of the 05/05/05 admission until 08/18/05. These delays are in violation of national regulatory entities.*
8. *Inconsistent post operative notes between Dr. Bali and the nursing staff with particular reference to medical records of 05/07/05, 05/08/05 and 05/09/05.*
9. *Failure to provide adequate discharge instructions.*

*It is further my opinion that these deviations proximately caused the problems with chronic infection for which Mrs. Landers has required further medical treatment, hospitalizations and operations.*

*In addition, the infected Gore Tex mesh required removal but because of the long delay the infections remain and as result the patient's condition is far worse than it was prior to the operation of 05/05/05.*

*It is also my opinion that Mrs. Landers' injuries proximately resulting from the deviations listed above are permanent and represent a diminution in her quality of life and also the risk of added bacterial problems and sepsis which can be fatal and shorten her life expectancy.*

II

All as a proximate result of the above set forth deviations from appropriate medical standards the Plaintiff suffered a severe infection requiring multiple operations and other related injuries and conditions all of which are permanent and lasting, all of which have caused and will continue to permanently in the future great physical pain and suffering and mental anguish and anxiety, all of which have required and will permanently require huge amount of expenditures for medical, hospital and doctor bills which to date exceed $250,000.00 and all of which have interfered and permanently impaired her capacity to enjoy life and earn money in the future and she has otherwise been damaged as will more fully appear as the evidence develops.

III

All as a proximate result of the above set forth negligence the Plaintiff's husband, Kenneth has suffered loss of consortium of and with his wife and has become obligated for the payment of medical and other expenses in substantial amounts.

WHEREFORE, Plaintiff, Frances Landers demands judgment in an amount which the jury may deem fit to adequately compensate her for her losses, and, the Plaintiff Kenneth D. Landers also demands judgment in an amount which will adequately compensate him for his losses.

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

By Counsel

Albert F. Good, Esquire, WV Bar No. 1421
100 Capitol Street, Suite 905
Charleston, WV 25301
(304) 343-5531
(304) 343-5533 Fax

George A. Daugherty, WV Bar No. 943
DAUGHERTY LAW OFFICES
22 Reynolds Avenue
Elkview, WV 25071
(304) 965-3554
(304) 965-0980 Fax

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

*SUMMONS*

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson/cs
Clerk of Court

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

***SUMMONS***

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson
Clerk of Court

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

2008 JAN 24 PM 1:50

N07

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Thomas J. Hurney, Jr., counsel for Defendant, Thomas Memorial Hospital, do hereby certify that service of the foregoing **"Motion to Dismiss and Memorandum in Support of Motion"** has been made upon counsel of record by depositing true and exact copies thereof in the United States Mail, first class, postage prepaid, at the address listed below on this 24th day of January, 2008.

George A. Daugherty, Esquire
22 Reynolds Avenue
Elkview, WV 25071

THOMAS J. HURNEY, JR. (WV SB No. 1833)

CASE 07-C-2723 KANAWHA

FRANCES LANDERS & KENNETH LAND vs. DAVOL, INC., A SUBSIDIARY OF C

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 12/21/07 | # ISSUED SUM & 4 CPYS; F FEE; RCPT 424148; $260.00; CASE INFO |
| 2 | | # SHEET; COMPLAINT |
| 3 | 01/08/08 | # LET FR SS DTD 1/4/08; SUM W/RET (12/26/07 SS) AS TO DAVOL |
| 4 | | # INC., W/RMR |
| 5 | 01/08/08 | # LET FR SS DTD 1/4/08; SUM W/RET (12/26/07 SS) AS TO HERBERT |
| 6 | | # J. THOMAS MEMORIAL HOSP. ASSOC. W/RMR |
| 7 | 01/24/08 | # CASE INFO SHEET; MOT TO DIS OBO HERBERT J. THOMAS MEMORIAL |
| 8 | | # HOSP. ASSOC. W/EXH & COS |
| 9 | 01/24/08 | # MEMO IN SUPP OF MOT TO DIS W/COS |

EXHIBIT B

A TRUE COPY
TESTE: Cathy S. Gatson CLERK
CIRCUIT COURT KANAWHA COUNTY, WV
By m. Pata

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-2723

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

***SUMMONS***

DAVOL, INC.
a subsidiary of C.R. BARD, INC.
100 Sockanossett Crossroad
Cranston, RI 02920
***Notice of Process Address:***
*CT Corporation System*
*707 Virginia Street East*
*Charleston, WV 25301*

Defendant

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071** , an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 12/21/07

Cathy S. Gatson
Clerk of Court
By CB

EXHIBIT
C

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FRANCES LANDERS and
KENNETH D. LANDERS,

Plaintiffs,

A TRUE COPY
TESTE: [signature] CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

v.

CIVIL ACTION NO. 07-C-2723
JUDGE: CHARLES KING

DAVOL, INC., a subsidiary of
C.R. BARD, INC. and
HERBERT J. THOMAS MEMORIAL
HOSPITAL ASSOCIATION,

Defendants.

2008 JAN 24 PM 1:50

**MOTION TO DISMISS ON BEHALF OF**
**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**

The defendant, Herbert J. Thomas Memorial Hospital Association ("Thomas Hospital"), moves to dismiss Plaintiffs' complaint because Plaintiffs failed to comply with the mandatory prefiling requirements of West Virginia Code § 55-7B-6 *et seq.*, and the complaint was filed beyond the two year statute of limitations in West Virginia Code 55-7B-4. As grounds for this motion, Thomas Hospital states:

1. Thomas Hospital is a licensed hospital located in South Charleston, West Virginia. As such, Thomas Hospital is both a "health care provider" and "health care facility" as defined in the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-2(f), (g) ("MPLA").

2. The complaint alleges Thomas Hospital was negligent in connection with the utilization of a mesh product used during Plaintiff Frances Landers' hernia surgery on May 5, 2005. Complaint at ¶ Count I. These allegations bring this action under the coverage of the

EXHIBIT
D

{C1302811.1}

MPLA because it applies to all "medical professional liability actions" which are defined to include "*any liability for damages* resulting from the death or injury of a person *for any tort or breach of contract* based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code §55-7B-2(i) (emphasis added). Allegations of negligence related to medical devices, such as the surgical mesh referenced in the complaint, fall within the parameters of the MPLA. See, *Blankenship v. Ethicon 2007 WL 3034262 (Oct. 12, 2007).*

3. Since this action is governed by the MPLA, the Plaintiffs had a mandatory obligation to comply with its pre-filing requirements. West Virginia Code § 55-7B-6(a) states that "no person may file a professional liability action against any health care provider without complying with the provisions of this section." Section 55-7B-6(b) provides that the Plaintiffs must serve a Notice of Claim upon the health care provider at least thirty days prior to the filing of a medical professional liability action. Along with the Notice of Claim, the Plaintiffs must also file a Screening Certificate of Merit which must be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence, and must state: (1) the expert's familiarity with the applicable standard of care at issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. W. Va. Code §55-7B-6(b). West Virginia Code §§ 55-7B-6(c)-(d) contains exceptions to these requirements when the cause of action does not require expert testimony and when there is insufficient time to obtain a Certificate of Merit.

4. In this case, the Plaintiffs did not serve the required Notice of Claim and Certificate of Merit upon Thomas Hospital before filing suit. Accordingly, since this failure violates West Virginia Code § 55-7B-6(b), the Plaintiffs' complaint must be dismissed. *State ex rel. Miller v. Stone*, 216 W.Va. 379, 607 S.E.2d 485 (W.Va. 2004); *Redden v. Purdue Pharma, L.P.*, Civil Action No. 5:03-2222 (S.D.W. Va. 2003); *Stanley v. USA*, 321 F. Supp. 2d 805 (N.D.W. Va. 2004); *Williams v. Fresenius Medical Care, et al.*, Civil Action No. 3:03CV27 (N. Dist. W. Va. 2004).

5. The Plaintiffs' claims are barred because they were filed beyond the two year statute of limitations set forth in W. Va. Code § 55-7B-4. According to the complaint, the surgery in question was performed on May 5, 2005. The Plaintiffs' complaint against Thomas Hospital was not filed until December 21, 2007, well beyond the two year deadline. In this regard, the plaintiffs, as demonstrated by the attached complaint against Ahmad Bali, M.D., the surgeon who performed the surgery, were on notice of potential negligence and filed a claim under the Medical Professional Liability Act against Dr. Bali on June 14, 2007. Exhibit 1.

For these reasons, the Plaintiffs' complaint should be dismissed.

**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**
By Counsel

THOMAS J. HURNEY, JR. (WVSB No. 1833)
JENNIFER M. MANKINS (WVSB No. 9959)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
(304) 340-1000

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

I, Thomas J. Hurney, Jr., counsel for Defendant, Thomas Memorial Hospital, do hereby certify that service of the foregoing **"Motion to Dismiss and Memorandum in Support of Motion"** has been made upon counsel of record by depositing true and exact copies thereof in the United States Mail, first class, postage prepaid, at the address listed below on this 24th day of January, 2008.

George A. Daugherty, Esquire
22 Reynolds Avenue
Elkview, WV 25071

THOMAS J. HURNEY, JR. (WV SB No. 1833)

{C1302811.1}

A TRUE COPY
TESTE: CLERK
CIRCUIT COURT KANAWHA COUNTY, WVA

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS**
**MEMORIAL HOSPITAL ASSOCIATION,**
**Defendants.**

## MEMORANDUM IN SUPPORT OF THOMAS HOSPITAL'S MOTION TO DISMISS

### I. Introduction

Herbert J. Thomas Memorial Hospital Association ("Thomas Hospital") is a licensed hospital located in South Charleston, West Virginia. Thomas Hospital asserts the Plaintiffs' complaint should be dismissed for two reasons. First, Plaintiffs failed to serve Thomas Hospital with a Notice of Claim and Certificate of Merit before filing suit, in violation of West Virginia's Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-6. Second, Plaintiffs' medical professional liability claim is time barred by the applicable two year statute of limitations set forth in West Virginia Code 55-7B-4.

### II. Facts

The Plaintiffs' complaint is essentially a single running paragraph which alleges negligence by Thomas Hospital arising out of the use of surgical mesh manufactured by co-defendant Davol, Inc., during a procedure performed on May 5, 2005. Despite filing a complaint

under the MPLA on June 14, 2007, against Ahmad Bali, M.D., the surgeon who performed the surgery, plaintiffs did not file suit against Thomas Hospital until December 21, 2007. Prior to filing the complaint, plaintiffs did not serve a Notice of Claim and Certificate of Merit upon Thomas Hospital.

## III. Argument

### *A. This action is governed by the Medical Professional Liability Act.*

In West Virginia, actions against hospitals, physicians and other health care providers for medical professional liability are governed by the Medical Professional Liability Act (MPLA). The MPLA is a definition based statute, meaning that when the facts of an action fall within its definitions, the court must apply its provisions. *State ex rel Weirton Medical Center v. Mazzone*, 214 W. Va. 146, 587 S.E.2d 122 Syl. Pt. 3 (2002); *Daniel v. Charleston Area Medical Center, Inc.*, 209 W. Va. 203, 544 S.E.2d 905 (2001).

Under the MPLA, "medical professional liability actions" are defined to include "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2(i). The MPLA defines "health care provider" as "a person, partnership, corporation, professional limited liability company, health care facility or institution licensed by, or certified in, this state or another state, to provide health care or professional health care services, including, but not limited to, a .... hospital" W. Va. Code § 55-7B-2(g).

The allegations in the complaint fall squarely within the definition of "medical professional liability." Since the complaint makes a tort claim arising from health care services -

the treatment and related decisions arising from the surgery by Dr. Bali - it is governed by the MPLA. Accordingly, the Plaintiffs were required to comply with the MPLA's pre-suit requirements before filing suit against Thomas Hospital.

***B. The Plaintiffs failed to comply with W. Va. Code § 55-7B-6.***

W. Va. Code § 55-7B-6 sets forth the mandatory procedure plaintiffs must follow before filing a Medical Professional Liability action against a health care provider. West Virginia Code § 55-7B-6 states:

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve . . . a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

The Supreme Court of Appeals has recognized that these pre-filing duties are mandatory and that dismissal is required when plaintiffs fails to comply with them. *State ex rel. Miller v. Stone*, 216 W.Va. 379, 607 S.E.2d 485 (W.Va. 2004); *Redden v. Purdue Pharma, L.P.*, Civil Action No. 5:03-2222 (S.D.W. Va. 2003) (motion to dismiss granted when an MPLA action was stated, and notice and certificate of merit was not served); *Stanley v. USA*, 321 F. Supp. 2d 805 (N.D.W. Va. 2004) (failure to comply with § 55-7B-6, a necessary prerequisite to an MPLA suit, requires dismissal); *Williams v. Fresenius Medical Care, et al.*, Civil Action No.

3:03CV27 (N. Dist. W. Va. 2004) (dismissing Plaintiffs' medical liability action for failure to comply with the pre-complaint procedural provision of the MPLA). Specifically, claims related to the use of medical devices, such as the surgical mesh at the center of this complaint, are subject to the MPLA. *Blankenship v. Ethicon 2007 WL 3034262 (Oct. 12, 2007).* (claim against hospitals and manufacturers arising from the use of surgical sutures are governed by MPLA despite plaintiffs' attempt to plead claim as one of product liability). Here, plaintiffs did not serve a Notice of Claim and Certificate of Merit on Thomas Hospital.

The Plaintiffs are not subject to the exceptions to providing a Certificate of Merit. W.Va. Code §§ 55-7B-6(c)-(d) states:

> (c) Notwithstanding any provision of this code, if a claimant … believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care the claimant … shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.
> (d) If a claimant … has insufficient time to obtain a screening certificate of merit … the claimant shall comply with the provisions of subsection (b) of this section except that the claimant … shall furnish the health care provider with a statement of intent to provide a screening certificate of merit.

There is no allegation in the complaint suggesting either of these provisions apply, and Plaintiffs did not, and have not, served the required notice. In this regard, plaintiff Francis Landers was on notice of potential claims of negligence against her health care providers and filed a complaint against her surgeon on June 14, 2007. Plaintiffs were aware of the MPLA's pre-filing requirements, having complied with them in their suit against Dr. Bali. Plaintiffs' complaint against Dr. Bali indicates they provided Dr. Bali with a Screening Certificate of Merit

from Dr. Michael Golding prior to filing their complaint against him. Ex. 1, Bali Complaint. Plaintiffs are required under the MPLA to show that their claim against Thomas Hospital has merit, just like every other MPLA plaintiff.

***C. Plaintiffs' claims are barred by the applicable statute of limitations.***

"The basic purpose of statutes of limitations is to encourage promptness in instituting actions; to suppress stale demands or fraudulent claims; and to avoid inconvenience which may result from delay in asserting rights or claims when it is practicable to assert them." *Morgan v. Grace Hospital, Inc.*, 144 S.E.2d 156, 161 (W.Va. 1965); *Perdue v. Hess*, 484 S.E.2d 182, 186 (W.Va. 1997) ("The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time."). Under the MPLA, medical professional liability claims are governed by a two year statute of limitations, which arises as of the date of the injury. W. Va. Code § 55-7B-4(a). Here, the complaint alleges negligence in connection with a surgery on May 5, 2005. Despite filing a timely complaint under the MPLA on June 14, 2007, against Ahmad Bali, M.D. (the surgeon who performed the surgery) which specifically references the use of surgical mesh, plaintiffs did not file suit against Thomas Hospital until December 21, 2007, well beyond the two year statute of limitations. Accordingly, the complaint should be dismissed.

**III. Conclusion**

The Plaintiffs filed this medical professional liability action without complying with the mandatory provisions of W. Va. Code § 55-7B-6. The Plaintiffs' claims are also barred by the two-year statute of limitations. Accordingly, Thomas Hospital respectfully requests the Court dismiss this action.

**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**

By Counsel

THOMAS J. HURNEY, JR. (WVSB No. 1833)
JENNIFER M. MANKINS (WVSB No. 9959)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
304-340-1000

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

*SUMMONS*

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson/as
Clerk of Court

PENGAD 800-631-6989
EXHIBIT
1

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2007 JUN 14 AM 8:10
KANAWHA CO. CIRCUIT COURT

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

Plaintiffs,

vs. CIVIL ACTION NO: 07-C-1172
Stucky

AHMAD BALI, M.D.,

Defendant.

# COMPLAINT

I

On or about May 5, 2005, in Kanawha County West Virginia, in the Thomas Memorial Hospital and in his office the Defendant Ahmad Bali, M.D. deviated from appropriate medical standards proximately causing the injuries and damages set forth below to the Plaintiff Frances Landers and her husband and in an effort at full disclosure the following deviations are here listed, among others which may appear as the evidence develops, from the Screening Certificate of Dr. Michael Golding:

> *It is my opinion to a reasonable degree of medical certainty and probability that Dr. Ahmad Bali deviated from appropriate medical standards in the care provided to Mrs. Landers in the following regards:*
>
> 1. *Failure to provide adequate pre-operative care prior to the initial surgical procedure of 05/05/05, in a patient such as Ms. Landers with significant co-morbidities and history (family) of heart disease, diabetes as well as past medical history of hypertension,* hypercholesterolemia, *depression, history of* arrhythmia, *Transient Ischemic Attack and cancer of uterus and cervix, as well as being a smoker for 45 years which places her in a ASA Class Status IV.*
> 2. *Performing the incisional hernia repair with insertion of a prostheses as a "same day" procedure.*
> 3. *Failure to irrigate or adequately provide drainage (as per operative report of 05/05/05 procedure).*
> 4. *The discharge summary failed to mention "drainage" that was reported by others.*
> 5. *Inappropriate use of antibiotics.*

6. *Premature discharge in the presence of a wound infection in a patient with a large Gore-Tex mesh insertion.*
7. *Delay in dictation of operative note of the 05/05/05 operation until 06/27/05 and the discharge summary of the 05/05/05 admission until 08/18/05. These delays are in violation of national regulatory entities.*
8. *Inconsistent post operative notes between Dr. Bali and the nursing staff with particular reference to medical records of 05/07/05, 05/08/05 and 05/09/05.*
9. *Failure to provide adequate discharge instructions.*

*It is further my opinion that these deviations proximately caused the problems with chronic infection for which Mrs. Landers has required further medical treatment, hospitalizations and operations.*

*In addition, the infected Gore Tex mesh required removal but because of the long delay the infections remain and as result the patient's condition is far worse than it was prior to the operation of 05/05/05.*

*It is also my opinion that Mrs. Landers' injuries proximately resulting from the deviations listed above are permanent and represent a diminution in her quality of life and also the risk of added bacterial problems and sepsis which can be fatal and shorten her life expectancy.*

II

All as a proximate result of the above set forth deviations from appropriate medical standards the Plaintiff suffered a severe infection requiring multiple operations and other related injuries and conditions all of which are permanent and lasting, all of which have caused and will continue to permanently in the future great physical pain and suffering and mental anguish and anxiety, all of which have required and will permanently require huge amount of expenditures for medical, hospital and doctor bills which to date exceed $250,000.00 and all of which have interfered and permanently impaired her capacity to enjoy life and earn money in the future and she has otherwise been damaged as will more fully appear as the evidence develops.

III

All as a proximate result of the above set forth negligence the Plaintiff's husband, Kenneth has suffered loss of consortium of and with his wife and has become obligated for the payment of medical and other expenses in substantial amounts.

WHEREFORE, Plaintiff, Frances Landers demands judgment in an amount which the jury may deem fit to adequately compensate her for her losses, and, the Plaintiff Kenneth D. Landers also demands judgment in an amount which will adequately compensate him for his losses.

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

By Counsel

Albert F. Good, Esquire, WV Bar No. 1421
100 Capitol Street, Suite 905
Charleston, WV 25301
(304) 343-5531
(304) 343-5533 Fax

George A. Daugherty, WV Bar No. 943
DAUGHERTY LAW OFFICES
22 Reynolds Avenue
Elkview, WV 25071
(304) 965-3554
(304) 965-0980 Fax

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

***SUMMONS***

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071** , an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson/cs
Clerk of Court

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

*SUMMONS*

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071** , an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson

Clerk of Court

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2008 JAN 24 PM 1:50

N37

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

v.

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Thomas J. Hurney, Jr., counsel for Defendant, Thomas Memorial Hospital, do hereby certify that service of the foregoing **"Motion to Dismiss and Memorandum in Support of Motion"** has been made upon counsel of record by depositing true and exact copies thereof in the United States Mail, first class, postage prepaid, at the address listed below on this 24th day of January, 2008.

George A. Daugherty, Esquire
22 Reynolds Avenue
Elkview, WV 25071

THOMAS J. HURNEY, JR. (WV SB No. 1833)

{C1302811.1}