IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

A TRUE COPY
TESTE: CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.

v.

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

2:08-0059

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

2008 JAN 24 PM 1:50

**MOTION TO DISMISS ON BEHALF OF**
**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**

The defendant, Herbert J. Thomas Memorial Hospital Association ("Thomas Hospital"), moves to dismiss Plaintiffs' complaint because Plaintiffs failed to comply with the mandatory prefiling requirements of West Virginia Code § 55-7B-6 *et seq.*, and the complaint was filed beyond the two year statute of limitations in West Virginia Code 55-7B-4. As grounds for this motion, Thomas Hospital states:

1. Thomas Hospital is a licensed hospital located in South Charleston, West Virginia. As such, Thomas Hospital is both a "health care provider" and "health care facility" as defined in the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-2(f), (g) ("MPLA").

2. The complaint alleges Thomas Hospital was negligent in connection with the utilization of a mesh product used during Plaintiff Frances Landers' hernia surgery on May 5, 2005. Complaint at ¶ Count I. These allegations bring this action under the coverage of the

MPLA because it applies to all "medical professional liability actions" which are defined to include "*any liability for damages* resulting from the death or injury of a person *for any tort or breach of contract* based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code §55-7B-2(i) (emphasis added). Allegations of negligence related to medical devices, such as the surgical mesh referenced in the complaint, fall within the parameters of the MPLA. See, *Blankenship v. Ethicon 2007 WL 3034262 (Oct. 12, 2007).*

3. Since this action is governed by the MPLA, the Plaintiffs had a mandatory obligation to comply with its pre-filing requirements. West Virginia Code § 55-7B-6(a) states that "no person may file a professional liability action against any health care provider without complying with the provisions of this section." Section 55-7B-6(b) provides that the Plaintiffs must serve a Notice of Claim upon the health care provider at least thirty days prior to the filing of a medical professional liability action. Along with the Notice of Claim, the Plaintiffs must also file a Screening Certificate of Merit which must be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence, and must state: (1) the expert's familiarity with the applicable standard of care at issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. W. Va. Code §55-7B-6(b). West Virginia Code §§ 55-7B-6(c)-(d) contains exceptions to these requirements when the cause of action does not require expert testimony and when there is insufficient time to obtain a Certificate of Merit.

4. In this case, the Plaintiffs did not serve the required Notice of Claim and Certificate of Merit upon Thomas Hospital before filing suit. Accordingly, since this failure violates West Virginia Code § 55-7B-6(b), the Plaintiffs' complaint must be dismissed. *State ex rel. Miller v. Stone*, 216 W.Va. 379, 607 S.E.2d 485 (W.Va. 2004); *Redden v. Purdue Pharma, L.P.*, Civil Action No. 5:03-2222 (S.D.W. Va. 2003); *Stanley v. USA*, 321 F. Supp. 2d 805 (N.D.W. Va. 2004); *Williams v. Fresenius Medical Care, et al.*, Civil Action No. 3:03CV27 (N. Dist. W. Va. 2004).

5. The Plaintiffs' claims are barred because they were filed beyond the two year statute of limitations set forth in W. Va. Code § 55-7B-4. According to the complaint, the surgery in question was performed on May 5, 2005. The Plaintiffs' complaint against Thomas Hospital was not filed until December 21, 2007, well beyond the two year deadline. In this regard, the plaintiffs, as demonstrated by the attached complaint against Ahmad Bali, M.D., the surgeon who performed the surgery, were on notice of potential negligence and filed a claim under the Medical Professional Liability Act against Dr. Bali on June 14, 2007. Exhibit 1.

For these reasons, the Plaintiffs' complaint should be dismissed.

**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**
By Counsel

THOMAS J. HURNEY, JR. (WVSB No. 1833)
JENNIFER M. MANKINS (WVSB No. 9959)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
(304) 340-1000

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

**CERTIFICATE OF SERVICE**

I, Thomas J. Hurney, Jr., counsel for Defendant, Thomas Memorial Hospital, do hereby certify that service of the foregoing **"Motion to Dismiss and Memorandum in Support of Motion"** has been made upon counsel of record by depositing true and exact copies thereof in the United States Mail, first class, postage prepaid, at the address listed below on this 24th day of January, 2008.

George A. Daugherty, Esquire
22 Reynolds Avenue
Elkview, WV 25071

THOMAS J. HURNEY, JR. (WV SB No. 1833)

{C1302811.1}

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

***SUMMONS***

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson/cz
Clerk of Court

EXHIBIT
1
PENGAD 800-631-6989

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2007 JUN 14 AM 8:10
KANAWHA CO. CIRCUIT COURT

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

Plaintiffs,

vs. CIVIL ACTION NO: 07-C-1172
Stucky

AHMAD BALI, M.D.,

Defendant.

**COMPLAINT**

I

On or about May 5, 2005, in Kanawha County West Virginia, in the Thomas Memorial Hospital and in his office the Defendant Ahmad Bali, M.D. deviated from appropriate medical standards proximately causing the injuries and damages set forth below to the Plaintiff Frances Landers and her husband and in an effort at full disclosure the following deviations are here listed, among others which may appear as the evidence develops, from the Screening Certificate of Dr. Michael Golding:

> *It is my opinion to a reasonable degree of medical certainty and probability that Dr. Ahmad Bali deviated from appropriate medical standards in the care provided to Mrs. Landers in the following regards:*
>
> 1. *Failure to provide adequate pre-operative care prior to the initial surgical procedure of 05/05/05, in a patient such as Ms. Landers with significant co-morbidities and history (family) of heart disease, diabetes as well as past medical history of hypertension,* hypercholesterolemia, *depression, history of* arrhythmia, *Transient Ischemic Attack and cancer of uterus and cervix, as well as being a smoker for 45 years which places her in a ASA Class Status IV.*
> 2. *Performing the incisional hernia repair with insertion of a prostheses as a "same day" procedure.*
> 3. *Failure to irrigate or adequately provide drainage (as per operative report of 05/05/05 procedure).*
> 4. *The discharge summary failed to mention "drainage" that was reported by others.*
> 5. *Inappropriate use of antibiotics.*

6. *Premature discharge in the presence of a wound infection in a patient with a large Gore-Tex mesh insertion.*
7. *Delay in dictation of operative note of the 05/05/05 operation until 06/27/05 and the discharge summary of the 05/05/05 admission until 08/18/05. These delays are in violation of national regulatory entities.*
8. *Inconsistent post operative notes between Dr. Bali and the nursing staff with particular reference to medical records of 05/07/05, 05/08/05 and 05/09/05.*
9. *Failure to provide adequate discharge instructions.*

*It is further my opinion that these deviations proximately caused the problems with chronic infection for which Mrs. Landers has required further medical treatment, hospitalizations and operations.*

*In addition, the infected Gore Tex mesh required removal but because of the long delay the infections remain and as result the patient's condition is far worse than it was prior to the operation of 05/05/05.*

*It is also my opinion that Mrs. Landers' injuries proximately resulting from the deviations listed above are permanent and represent a diminution in her quality of life and also the risk of added bacterial problems and sepsis which can be fatal and shorten her life expectancy.*

II

All as a proximate result of the above set forth deviations from appropriate medical standards the Plaintiff suffered a severe infection requiring multiple operations and other related injuries and conditions all of which are permanent and lasting, all of which have caused and will continue to permanently in the future great physical pain and suffering and mental anguish and anxiety, all of which have required and will permanently require huge amount of expenditures for medical, hospital and doctor bills which to date exceed $250,000.00 and all of which have interfered and permanently impaired her capacity to enjoy life and earn money in the future and she has otherwise been damaged as will more fully appear as the evidence develops.

III

All as a proximate result of the above set forth negligence the Plaintiff's husband, Kenneth has suffered loss of consortium of and with his wife and has become obligated for the payment of medical and other expenses in substantial amounts.

WHEREFORE, Plaintiff, Frances Landers demands judgment in an amount which the jury may deem fit to adequately compensate her for her losses, and, the Plaintiff Kenneth D. Landers also demands judgment in an amount which will adequately compensate him for his losses.

FRANCES LANDERS and
KENNETH D. LANDERS, her husband,

By Counsel

Albert F. Good, Esquire, WV Bar No. 1421
100 Capitol Street, Suite 905
Charleston, WV 25301
(304) 343-5531
(304) 343-5533 Fax

George A. Daugherty, WV Bar No. 943
DAUGHERTY LAW OFFICES
22 Reynolds Avenue
Elkview, WV 25071
(304) 965-3554
(304) 965-0980 Fax

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

*SUMMONS*

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson/cs
Clerk of Court

# SUMMONS

IN CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 07-C-1172

FRANCES LANDERS and
KENNETH D. LANDERS, her husband
8301 Sissonville Drive
Sissonville, WV 25320

Plaintiff

v.

AHMAD BALI, M.D.
401 Division Street # 202
South Charleston, WV 25309

Defendant

*SUMMONS*

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **George A. Daugherty** plaintiff's attorney, whose address is **22 Reynolds Avenue, Elkview, WV 25071** , an answer, including any related counterclaim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 6/14/07

Cathy S. Gatson
Clerk of Court