A TRUE COPY
TESTE: CIRCUIT COURT KANAWHA COUNTY, W.VA.

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

2:08-0059

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS**
**MEMORIAL HOSPITAL ASSOCIATION,**
**Defendants.**

# MEMORANDUM IN SUPPORT OF THOMAS HOSPITAL'S MOTION TO DISMISS

## I. Introduction

Herbert J. Thomas Memorial Hospital Association ("Thomas Hospital") is a licensed hospital located in South Charleston, West Virginia. Thomas Hospital asserts the Plaintiffs' complaint should be dismissed for two reasons. First, Plaintiffs failed to serve Thomas Hospital with a Notice of Claim and Certificate of Merit before filing suit, in violation of West Virginia's Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-6. Second, Plaintiffs' medical professional liability claim is time barred by the applicable two year statute of limitations set forth in West Virginia Code 55-7B-4.

## II. Facts

The Plaintiffs' complaint is essentially a single running paragraph which alleges negligence by Thomas Hospital arising out of the use of surgical mesh manufactured by co-defendant Davol, Inc., during a procedure performed on May 5, 2005. Despite filing a complaint

under the MPLA on June 14, 2007, against Ahmad Bali, M.D., the surgeon who performed the surgery, plaintiffs did not file suit against Thomas Hospital until December 21, 2007. Prior to filing the complaint, plaintiffs did not serve a Notice of Claim and Certificate of Merit upon Thomas Hospital.

## III. Argument

### *A. This action is governed by the Medical Professional Liability Act.*

In West Virginia, actions against hospitals, physicians and other health care providers for medical professional liability are governed by the Medical Professional Liability Act (MPLA). The MPLA is a definition based statute, meaning that when the facts of an action fall within its definitions, the court must apply its provisions. *State ex rel Weirton Medical Center v. Mazzone*, 214 W. Va. 146, 587 S.E.2d 122 Syl. Pt. 3 (2002); *Daniel v. Charleston Area Medical Center, Inc.*, 209 W. Va. 203, 544 S.E.2d 905 (2001).

Under the MPLA, "medical professional liability actions" are defined to include "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2(i). The MPLA defines "health care provider" as "a person, partnership, corporation, professional limited liability company, health care facility or institution licensed by, or certified in, this state or another state, to provide health care or professional health care services, including, but not limited to, a .... hospital" W. Va. Code § 55-7B-2(g).

The allegations in the complaint fall squarely within the definition of "medical professional liability." Since the complaint makes a tort claim arising from health care services -

the treatment and related decisions arising from the surgery by Dr. Bali - it is governed by the MPLA. Accordingly, the Plaintiffs were required to comply with the MPLA's pre-suit requirements before filing suit against Thomas Hospital.

*B. The Plaintiffs failed to comply with W. Va. Code § 55-7B-6.*

W. Va. Code § 55-7B-6 sets forth the mandatory procedure plaintiffs must follow before filing a Medical Professional Liability action against a health care provider. West Virginia Code § 55-7B-6 states:

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve . . . a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

The Supreme Court of Appeals has recognized that these pre-filing duties are mandatory and that dismissal is required when plaintiffs fails to comply with them. *State ex rel. Miller v. Stone*, 216 W.Va. 379, 607 S.E.2d 485 (W.Va. 2004); *Redden v. Purdue Pharma, L.P.*, Civil Action No. 5:03-2222 (S.D.W. Va. 2003) (motion to dismiss granted when an MPLA action was stated, and notice and certificate of merit was not served); *Stanley v. USA*, 321 F. Supp. 2d 805 (N.D.W. Va. 2004) (failure to comply with § 55-7B-6, a necessary prerequisite to an MPLA suit, requires dismissal); *Williams v. Fresenius Medical Care, et al.*, Civil Action No.

3:03CV27 (N. Dist. W. Va. 2004) (dismissing Plaintiffs' medical liability action for failure to comply with the pre-complaint procedural provision of the MPLA). Specifically, claims related to the use of medical devices, such as the surgical mesh at the center of this complaint, are subject to the MPLA. *Blankenship v. Ethicon 2007 WL 3034262 (Oct. 12, 2007).* (claim against hospitals and manufacturers arising from the use of surgical sutures are governed by MPLA despite plaintiffs' attempt to plead claim as one of product liability). Here, plaintiffs did not serve a Notice of Claim and Certificate of Merit on Thomas Hospital.

The Plaintiffs are not subject to the exceptions to providing a Certificate of Merit. W.Va. Code §§ 55-7B-6(c)-(d) states:

> (c) Notwithstanding any provision of this code, if a claimant … believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care the claimant … shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.
> (d) If a claimant … has insufficient time to obtain a screening certificate of merit … the claimant shall comply with the provisions of subsection (b) of this section except that the claimant … shall furnish the health care provider with a statement of intent to provide a screening certificate of merit.

There is no allegation in the complaint suggesting either of these provisions apply, and Plaintiffs did not, and have not, served the required notice. In this regard, plaintiff Francis Landers was on notice of potential claims of negligence against her health care providers and filed a complaint against her surgeon on June 14, 2007. Plaintiffs were aware of the MPLA's pre-filing requirements, having complied with them in their suit against Dr. Bali. Plaintiffs' complaint against Dr. Bali indicates they provided Dr. Bali with a Screening Certificate of Merit

from Dr. Michael Golding prior to filing their complaint against him. Ex. 1, Bali Complaint. Plaintiffs are required under the MPLA to show that their claim against Thomas Hospital has merit, just like every other MPLA plaintiff.

***C. Plaintiffs' claims are barred by the applicable statute of limitations.***

"The basic purpose of statutes of limitations is to encourage promptness in instituting actions; to suppress stale demands or fraudulent claims; and to avoid inconvenience which may result from delay in asserting rights or claims when it is practicable to assert them." *Morgan v. Grace Hospital, Inc.*, 144 S.E.2d 156, 161 (W.Va. 1965); *Perdue v. Hess*, 484 S.E.2d 182, 186 (W.Va. 1997) ("The ultimate purpose of statutes of limitations is to require the institution of a cause of action within a reasonable time."). Under the MPLA, medical professional liability claims are governed by a two year statute of limitations, which arises as of the date of the injury. W. Va. Code § 55-7B-4(a). Here, the complaint alleges negligence in connection with a surgery on May 5, 2005. Despite filing a timely complaint under the MPLA on June 14, 2007, against Ahmad Bali, M.D. (the surgeon who performed the surgery) which specifically references the use of surgical mesh, plaintiffs did not file suit against Thomas Hospital until December 21, 2007, well beyond the two year statute of limitations. Accordingly, the complaint should be dismissed.

**III. Conclusion**

The Plaintiffs filed this medical professional liability action without complying with the mandatory provisions of W. Va. Code § 55-7B-6. The Plaintiffs' claims are also barred by the two-year statute of limitations. Accordingly, Thomas Hospital respectfully requests the Court dismiss this action.

**HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION**

By Counsel

THOMAS J. HURNEY, JR. (WVSB No. 1833)
JENNIFER M. MANKINS (WVSB No. 9959)
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322
304-340-1000

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2008 JAN 24 PM 1:50

**FRANCES LANDERS and**
**KENNETH D. LANDERS,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO. 07-C-2723**
**JUDGE: CHARLES KING**

**DAVOL, INC., a subsidiary of**
**C.R. BARD, INC. and**
**HERBERT J. THOMAS MEMORIAL**
**HOSPITAL ASSOCIATION,**

**Defendants.**

## CERTIFICATE OF SERVICE

I, Thomas J. Hurney, Jr., counsel for Defendant, Thomas Memorial Hospital, do hereby certify that service of the foregoing **"Motion to Dismiss and Memorandum in Support of Motion"** has been made upon counsel of record by depositing true and exact copies thereof in the United States Mail, first class, postage prepaid, at the address listed below on this 24th day of January, 2008.

George A. Daugherty, Esquire
22 Reynolds Avenue
Elkview, WV 25071

THOMAS J. HURNEY, JR. (WV SB No. 1833)

{C1302811.1}