UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| FRANCES LANDERS and KENNETH D. LANDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL INC., a subsidiary of C.R. BARD, INC., and HERBERT J. THOMAS MEMORIAL HOSPITAL ASSOCIATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:08-cv-00059 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

I.

1. Paragraph 1 of the Complaint also contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same. Defendants admit that Davol, Inc. ("Davol") is a subsidiary of C.R. Bard, Inc. ("Bard"). Davol admits that it conducted limited manufacturing of , distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "placed on the market" beyond the meanings of "distributed" and "sold," which have been admitted. Defendants also admit that a limited voluntary recall of

certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005 and early 2006. Defendants further state these products have since been returned to the market with FDA approval. The allegations in Paragraph 1 also include conclusions of law, to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

II.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same. To the extent that the allegations in Paragraph 2 are conclusions of law, no answer is required.

III.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same. To the extent that the allegations in Paragraph 3 are conclusions of law, no answer is required.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiffs' claims against Bard and Davol in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiffs' claims in whole or in part.

4. Plaintiffs' allegations fail to meet the requirements outlined in Fed. R. Civ. P. 23.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars plaintiffs' claims in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiffs' claims in whole or in part.

7. Plaintiffs, or their agents, including their physicians, misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

8. If plaintiffs used a product sold by Bard or Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Bard or Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged damages.

10. If plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of plaintiffs, including their contributory negligence, contributory fault, comparative fault; assumption of the risk, failure to mitigate damages or any other "fault"; Defendants further states that such acts, omissions or fault bar recovery by plaintiffs herein or, in the alternative, if such acts, omissions or fault do not act as a complete bar, then such acts diminish plaintiffs' rights to recover herein in an amount based upon plaintiffs' relative degree of fault.

11. If plaintiffs used a product sold by Bard or Davol, plaintiffs used the product for off-label purposes, which bars the plaintiffs' claims.

12. The learned intermediary doctrine bars plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions

and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

17. If plaintiffs suffered damages or injuries as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

18. If plaintiffs sustained any damages or injuries, which is denied, such damages or injuries were caused by the acts, omissions or fault of plaintiffs or others, for whose conduct these defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiffs failed to mitigate damages, which limits plaintiffs' recovery, if any, in whole or in part.

20. Bard and Davol have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

21. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiffs failed to give timely notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

24. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Bard's and Davol's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the West Virginia Constitution.

27. To the extent that the applicable West Virginia law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Bard and Davol and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the West Virginia Constitution.

28. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under West Virginia and/or other applicable laws.

29. To the extent plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their rights to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: February 1, 2008

Respectfully submitted,

JACKSON KELLY PLLC

BY: /s/ Larry W. Blalock
Larry W. Blalock (#366)
JACKSON KELLY PLLC
1144 Market Street
Wheeling, West Virginia 26003
Tel: (304) 233-4000
Fax: (304) 233-4077
lblalock@jacksonkelly.com

Of Counsel:
Joe G. Hollingsworth
Kirby T. Griffis
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Tel: (202) 898-5800
Fax: (202) 682-1639
jhollingsworth@spriggs.com
kgriffis@spriggs.com
mjunk@spriggs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of February, 2008, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. was had via first class United States mail, postage prepaid as follows:

Albert F. Good, Esq.
100 Capitol Street, Suite 905
Charleston, WV 25301

George A. Daugherty
Daugherty Law Offices
22 Reynolds Avenue
Elkview, WV 25071

and electronically using the CM/ECF system, which will send notification of such filing to the following:

Thomas J. Hurney, Esq.
Jackson Kelly PLLC
PO Box 553
Charleston, WV 25322

/s/_Larry W. Blalock________